IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2082-D

| | |
|---|---|
| JAMES EARL LASSITER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT C. LEWIS, ) | |
| ) | |
| Respondent. ) | |

James Earl Lassiter ("petitioner" or "Lassiter"), a state inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On February 2, 2012, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed it to proceed [D.E. 4]. On February 21, 2021, respondent answered the petition [D.E. 6] and filed a motion for summary judgment [D.E. 7]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Lassiter about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 9]. On March 15, 2012, Lassiter responded in opposition to the motion for summary judgment [D.E. 10] and filed a motion for appointment of counsel [D.E. 11]. As explained, the court grants respondent's motion for summary judgment [D.E. 7] and denies petitioner's motion for appointment of counsel [D.E. 11].

I.

On June 26, 2008, in Wayne County Superior Court, Lassiter pleaded guilty pursuant to a plea agreement to possession with intent to sell and deliver cocaine and habitual felon status, and received a mitigated-range sentence of 90-to-117 months' imprisonment. Pet. [D.E. 1] 1; see Mot. Summ. J. [D.E. 7], Exs. 1–2 (plea transcript form and criminal judgment). On July 29, 2009,

Lassiter filed a motion for appropriate relief ("MAR") in Wayne County Superior Court.[1] Mot. Summ. J., Ex. 5. On September 10, 2009, the state court summarily denied the MAR. Id., Ex. 6 (MAR order). On January 6, 2010, Lassiter filed a second MAR in Wayne County Superior Court, which the state court summarily denied on February 3, 2010. Id., Exs. 7 (motion), 8 (order). On May 11, 2010, Lassiter filed a petition for writ of certiorari in the North Carolina Court of Appeals, which that court denied on May 28, 2010. Pet. 3; Mot. Summ. J., Exs. 9 (petition), 11 (order). Lassiter appealed to the Supreme Court of North Carolina, which denied the appeal on October 7, 2010. Mot. Summ. J., Ex. 12 (order). On January 12, 2011, Lassiter filed a petition for discretionary review and a petition for writ of certiorari in the North Carolina Court of Appeals, which that court denied on January 28, 2011. Id., Exs. 13 (petition), 15 (order). On February 7, 2011, Lassiter appealed to the Supreme Court of North Carolina, which denied the appeal on March 11, 2011. Pet. 2; Mot. Summ. J., Exs. 16 (appeal), 17 (order). On March 29, 2011, Lassiter filed a petitioner for writ of mandamus in Wayne County Superior Court, which that court construed as a MAR and a writ of habeas corpus, and summarily denied on June 8, 2011. Mot. Summ. J., Exs. 18 (petition), 19 (order).

Lassiter signed the instant petition on April 18, 2011, and filed it on April 29, 2011. Lassiter asserts four grounds for relief, three of which are substantially related: (1) the state trial court lacked jurisdiction to sentence Lassiter where the indictment failed to allege the quantity of drugs; (2) the

---

[1] Although a prisoner's "filing occurs when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk," Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (citing Houston v. Lack, 487 U.S. 266, 275–76 (1988)), it is not clear from the parties' materials when Lassiter signed his MAR. It appears that Lassiter began requesting exhibits to support his MAR on June 29, 2009, when he signed a letter seeking copies of his plea transcript and criminal judgment. See Mot. Summ. J., Ex. 5 at 2. Accepting the record in the light most favorable to Lassiter, the court will use the prison mailbox rule in construing the filing date for Lassiter's pleadings.

2

indictment was defective because it failed to allege all of the elements of the crime (i.e., drug quantity); (3) Lassiter was exposed to a greater sentence than the legislature intended; and (4) Lassiter's right to due process was violated because the indictment did not allege the quantity of the drugs. See Pet. 6-11. In his amended petition, Lassiter seeks a "sentencing hearing" on the "issues and arguments" set forth in his March 29, 2011 state habeas corpus petition. See Am. Pet. [D.E. 3-1] 2.

II.

First, the court addresses Lassiter's motion to appoint counsel. Lassiter asks the court to appoint counsel because "[t]he issues involved in this case are complex," he has no access to a law library, and he is indigent. Mot. Appoint [D.E. 11] 1–2.

No constitutional right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Lassiter has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Lassiter's motion to appoint counsel.

III.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading,

3

Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

A.

Respondent argues that the petition is untimely and emphasizes that the state court did not denote Lassiter's first MAR as filed until July 29, 2009.[2] See Mem. Supp. Mot. Summ. J. [D.E. 8] 3–9. Because it is not clear when Lassiter delivered his first MAR to prison authorities for mailing, the record is unclear as to timeliness. See Mot. Summ. J., Ex. 5. Moreover, timeliness is not a jurisdictional prerequisite under the AEDPA. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Day v. McDonough, 547 U.S. 198, 205 (2006); Simms v. Acevedo, 595 F.3d 774, 779 (7th Cir. 2010), cert. denied, 131 S. Ct. 896 (2011); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008); Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006). Accordingly, the court assumes, without deciding, that Lassiter's petition was timely filed.

B.

Three of Lassiter's claims are substantially related; therefore, the court addresses them together. Lassiter asserts that the indictment was defective because it failed to allege the drug quantity, and that as a result, his right to due process was violated and the state trial court lacked jurisdiction to sentence him.

---

[2] Respondent relies only on this date in arguing that Lassiter's petition is untimely, and does not address whether—assuming Lassiter's first MAR was timely filed—Lassiter's time for filing the instant petition ran at some point during Lassiter's numerous post-conviction state-court filings.

4

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see, e.g., Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction,

5

designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir.), cert. denied, 132 S. Ct. 818 (2011).

A claim alleging defects in a state-court indictment is "not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). "A pleading defect in an indictment does not constitute a jurisdictional defect. See United States v. Cotton, 535 U.S. 625, 630–31 (2002). Furthermore, a guilty plea waives non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Lassiter waived any defect in the indictment by pleading guilty. Cooke v. Keller, No. 1:10-CV-156, 2012 WL 683305, at *6 (M.D.N.C. Mar. 2, 2012) (unpublished).[3] Moreover, Lassiter received a mitigated-range sentence for being a Class C habitual felon with a prior record level V, meaning any error in failing to allege a drug quantity was harmless. See Moore v. Hunt, 499 F. Supp. 2d 679, 684 (W.D.N.C. 2007). Thus, Lassiter has not shown that the state court's rejection of these claims reached a result contrary to, or involved an unreasonable application of, clearly established federal law; likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court

---

[3] In opposition to this conclusion, Lassiter cites United States v. Berrios-Centeno, 250 F.3d 294 (5th Cir. 2001), for the proposition that "an indictment is jurisdictional" and "a defect in an indictment is not waived by a guilty plea." Resp. Opp'n Mot. Summ. J. [D.E. 10] 2. However, the reach of the "Fifth Amendment right to 'presentment or indictment of a Grand Jury'" has not been extended to the states. Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); see United States v. Jackson, 327 F.3d 273, 284 (4th Cir. 2003) ("the Fifth Amendment Indictment Clause has not been incorporated against the States"); Perry v. Watson, No. 3:08CV63, 2009 WL 256396, at *2 (E.D. Va. Feb. 3, 2009). Thus, Berrios-Centeno provides no help to Lassiter.

6

proceeding. See 28 U.S.C. § 2254(d). Therefore, the court grants summary judgment to respondent on these claims.

As for Lassiter's claim that he was exposed to a greater sentence than the legislature intended, respondent asserts that this claim is procedurally barred because Lassiter did not raise this claim in either his first or second MAR, but rather in his February 7, 2011 appeal to the Supreme Court of North Carolina and his March 29, 2011 petition for writ of mandamus filed in Wayne County Superior Court. Mem. Supp. Mot. Summ. J. 13–14 (citing Exs. 16, 18).

Under the doctrine of procedural default, a federal court generally is precluded from reviewing the merits of any claim that the state court found to be procedurally barred based on independent and adequate state grounds. See, e.g., Dretke v. Haley, 541 U.S. 386, 392 (2004); Daniels v. Lee, 316 F.3d 477, 487 (4th Cir. 2003). The doctrine also applies "when a state court . . . discusses the claim on its merits, e.g., in conducting a plain error review having found a procedural default." Daniels, 316 F.3d at 487. A state rule is "adequate" if it is firmly established and consistently applied by the state court. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988); McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000). A state rule is "independent" if it does not depend upon a federal constitutional ruling. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

However, a federal court may review a procedurally defaulted claim if the petitioner demonstrates cause and prejudice resulting from the alleged violation of federal law, or if the petitioner shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991). A petitioner shows cause by establishing that something external to him prevented him from complying with the state procedural rule. Id. at 753. To show prejudice, a petitioner must show he was actually prejudiced

as a result of the alleged violation of federal law. See, e.g., United States v. Frady, 456 U.S. 152, 167–68 (1982).

A prisoner is required to exhaust the remedies available to him in state court before he files a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement of section 2254 demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the Court of Appeals of North Carolina and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

Lassiter did not raise this claim on direct appeal, and thus did not exhaust the claim through the direct review process. See, e.g., O'Sullivan, 526 U.S. at 845. Lassiter also failed to present the claim in his first MAR. Therefore, the North Carolina courts have not had "one full opportunity to resolve [these] constitutional issues." Id. Furthermore, if Lassiter were to return to state court and attempt to raise this claim through a MAR, it would be procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3). The procedural-default rule of section 15A-1419 is an adequate and independent state ground precluding habeas review. See, e.g., Sharpe, 593 F.3d at 377; Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998). Because Lassiter failed to preserve this issue under North Carolina law, it is procedurally barred. See, e.g., Woodford v. Ngo, 548 U.S. 81, 92 (2006); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by, Miller-El v.

8

Dretke, 545 U.S. 231 (2005). Thus, Lassiter has procedurally defaulted this claim. Alternatively, Lassiter's claim lacks merit in that he received a mitigated-range sentence for being a habitual felon.

Finally, Lassiter requests a "sentencing hearing" on the "issues and arguments" set forth in his March 29, 2011 state habeas corpus petition. Lassiter's request, however, is precluded by 28 U.S.C. § 2254(e)(2). Cf. Wolfe v. Johnson, 565 F.3d 140, 166 (4th Cir. 2009). Alternatively, to the extent Lassiter challenges the state court's failure to conduct a hearing, his claim is not cognizable on federal habeas review. See Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001); Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008). Thus, the court grants summary judgment to respondent on this claim.

IV.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 7], DENIES petitioner's motion for appointment of counsel [D.E. 11], and DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1, 3]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall send a copy of this order to petitioner at his current place of incarceration,[4] and shall close this case.

SO ORDERED. This 31 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge

---

[4] On December 29, 2011, Lassiter was transferred to Harnett Correctional Institution. See N.C. Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0233765&searchOffenderId=0233765&listurl=pagelistoffendersearchresults&listpage=1 (last visited May 30, 2012). Lassiter did not notify the court of his change of address as required by Local Civil Rule 83.3. The court cautions Lassiter to comply with the rules of the court.

9